UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOSE ARNOLD MONTIEL,

                    Plaintiff,

v.

NATE JOHNSON et al.,

                    Defendants.

_____/

Case No. 1:25-cv-122

Honorable Hala Y. Jarbou

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis.* Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

### Discussion

**I.      Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw County Correctional Facility (SRF) in Freeland, Saginaw County, Michigan. The

events about which he complains, however, occurred at the Van Buren County Jail, in Van Buren County, Michigan. Plaintiff sues the following Defendants: Van Buren County Sheriff Daniel E. Abbott, Undersheriff Kevin Conklin, Lieutenant Chad Hunt, Sergeant Nate Johnson, Sergeant Unknown Smalls, Sergeant Unknown Ferguson, Deputy Unknown Quinn, Unknown Party #1 named as "Camera Angles (Surveillance) Footage" (Camera), Unknown Party #2 named as "Shanon," the Van Buren County Sheriff's Department named as the "Sheriff's Building" and the "Van Buren County Jail," the State of Michigan, Maintenance Employee Unknown Lane, and "Federal State Police Post #51." Plaintiff names Defendants Johnson and Abbott in their official capacities only. (Compl., ECF No. 1, PageID.2.) Defendants Unknown Lane and Unknown Ferguson are named in both their official and individual capacities. (*Id.*) The remaining Defendants are named in their individual capacities. (*See id.*, PageID.5.)

Plaintiff alleges that, on March 29, 2022, Defendant Shanon and non-party "Cell 8 maintenance" were discussing repairs when Plaintiff told them to "fix the 'f**** shower." (*Id.* (asterisks added).) Defendant Shanon told Plaintiff to pack his things to be moved to the holding cells and that Plaintiff could do it "the hard way or the easy way." (*Id.*) Plaintiff complied. (*Id.*) Defendant Shanon also told Plaintiff that he was "tired of [Plaintiff's] 'mouth' in front of other employee staff of the Van Buren County Jail." (*Id.*)

Plaintiff remained in the holding cell for three days. (*Id.*) Plaintiff then apologized to Defendant Shanon before moving upstairs. (*Id.*) On his way to his cell, Plaintiff saw Defendant Johnson and asked Defendant Johnson if Defendant Johnson could advise the maintenance employee that Plaintiff would like to apologize for his "outburst." (*Id.*) Defendant Lane told Plaintiff that a different maintenance worker was on duty with Defendant Shanon on March 29, 2022. (*Id.*) When Plaintiff told Defendant Lane that Plaintiff would then take his apology back,

Defendant Lane grabbed his "bulge" outside of his pants and stated to Plaintiff, "Here, take this dick." (*Id.*, PageID.3, 5.) Defendant Johnson stood by and smiled while Defendant Lane did this. (*Id.*)

Following Defendant Lane's actions, Plaintiff prepared a Prison Rape Elimination Act (PREA) complaint and asked to speak with Defendant Hunt to file a report with the Defendant State Police Post #51. (*Id.*, PageID.6.) Plaintiff also spoke with Defendants Ferguson and Smalls. (*Id.*) Defendant Ferguson told Plaintiff that she would look into Plaintiff's complaint. (*Id.*) In response to Plaintiff's grievance, Defendant Ferguson explained that she reviewed all camera angles and found nothing to support Plaintiff's claim. (*Id.*)

Plaintiff faults Defendants for not performing a proper PREA investigation and for failing to report the incident to the State Police. (*Id.*) Plaintiff also alleges that the Van Buren County Sheriff's Department failed to conduct a background check or mental health evaluation on Defendant Lane and that Defendant Abbott, as Sheriff, failed to ensure the safety of the inmates in his care. (*Id.*, PageID.3.)

Based on the foregoing allegations, Plaintiff brings claims for violation of his First, Fifth, Fourteenth, Eighteenth, and Sixteenth Amendment rights. (*Id.*, PageID.6.) Plaintiff also alleges violations of the PREA. (*Id.*) Plaintiff seeks injunctive and monetary relief. (*Id.*)

## II.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The

court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff brings claims for violation of his First, Fifth, Fourteenth, Eighteenth, and Sixteenth Amendment rights, and for violation of the PREA. (ECF No. 1, PageID.6.)

### A.    Claims Against Van Buren County Sheriff's Department

Plaintiff names as a Defendant the Van Buren County Sheriff's Department, which Plaintiff also refers to as the "Sheriff's Building" and the "Van Buren County Jail." (ECF No. 1, PageID.2.) However, Plaintiff cannot maintain suit against the Van Buren County Sheriff's Department

because sheriff's departments are not legal entities subject to suit pursuant to § 1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995). The Sheriff's Department is simply an agency of Van Buren County. *See Vine*, 884 F. Supp. at 1158. Plaintiff's claims against the Van Buren County Sheriff's Department will, therefore, be dismissed.

The same is true for Plaintiff's attempts to name the "Sheriff's Building" and "Van Buren County Jail." The jail is a building that houses prisoners and pretrial detainees, not a "person" capable of being sued under Section 1983. *See Goldman v. Kalamazoo Cnty. Jail*, No. 1:16-cv-359, 2016 WL 3180043, at *2 (W.D. Mich. June 8, 2016) (collecting cases). For that reason, the Court will likewise dismiss Plaintiff's claims against the "Sheriff's Building" and "Van Buren County Jail."

### B.    Claims Against Van Buren County and Official Capacity Claims

The Court will liberally construe Plaintiff's claims against the Van Buren County Sheriff's Department and assume that Plaintiff intended to sue Van Buren County.

Van Buren County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff's department. *See Monell*, 436 U.S. at 690. Moreover, the Sixth

5

Circuit has explained that a custom "for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.*

Here, Plaintiff alleges that the Van Buren County Sheriff's Department failed to conduct a background check or mental health evaluation on Defendant Lane. (ECF No. 1, PageID.3.) However, Plaintiff has alleged no facts regarding the background checks performed by Van Buren County, the mental health evaluation process, or any facts that would plausibly suggest that the rude gesture and comment by Defendant Lane was the result of either. Plaintiff's complaint is simply devoid of any allegations suggesting that the actions described within Plaintiff's complaint were the result of an official policy or custom employed by Van Buren County. Thus, the Court will dismiss Plaintiff's claims against Van Buren County. *See Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff's allegation of custom or policy was conclusory, and plaintiff failed to state facts supporting the allegation).

Plaintiff also names Defendants Johnson and Abbott in their official capacities only and Defendants Lane and Ferguson in both their official and individual capacities. (ECF No. 1, PageID.2). Official-capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell*, 436 U.S. at 690, n. 55). An official-capacity suit is to be treated as a suit against the entity itself. *Id*. at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)); s*ee also Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "Individuals sued in their official capacities stand in

the shoes of the entity they represent," and the suit is not against the official personally. *Alkire*, 330 F.3d at 810; *Graham*, 473 U.S. at 165–66.

Here, because Defendants Johnson, Abbott, Lane, and Ferguson represent Van Buren County, Plaintiff's suit against them in their official capacities intends to impose liability on the county. However, "[g]overnmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (citing *Monell*, 436 U.S. at 692). As described *supra*, Plaintiff has failed to describe any county policy or custom that resulted in his alleged injuries, and Plaintiff cannot maintain suit against Van Buren County merely because it employed the remaining Defendants. Plaintiff, therefore, cannot maintain official capacity claims against Defendants Johnson, Abbott, Lane, and Ferguson. Plaintiff sues Defendants Johnson and Abbott in their official capacities only. Therefore, for this reason alone, the Court will dismiss all of Plaintiff's claims against Defendants Johnson and Abbott. The Court will also dismiss Plaintiff's official capacity claims against Defendants Lane and Ferguson.

### C.    Claims Against the State of Michigan and State Police Post #51

Plaintiff brings claims against the State of Michigan and State Police Post #51. However, § 1983 expressly requires that a named defendant be a "person." *See Monell*, 436 U.S. 658. Neither the State of Michigan nor its State Police is a "person" within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that the State of Michigan and the Department of State Police are not "persons" for purposes of § 1983).

Additionally, regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See*

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Accordingly, the State of Michigan and the Michigan State Police are absolutely immune from a § 1983 suit under the Eleventh Amendment.

Accordingly, for these reasons, Plaintiff fails to state a claim against Defendants State of Michigan and State Police Post #51 upon which relief can be granted.

### D.    Claims Against Defendants Conklin, Quinn, and Camera

Plaintiff names Defendants Conklin, Quinn, and Camera in the caption of the portion of his complaint, titled "'PREA' have harassment cruel and unusual punishment ext. [sic] court suite [sic]." (ECF No. 1, PageID.5.) However, Plaintiff does not mention these Defendants in the body of his complaint or otherwise make any factual allegations against them.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant);

*Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because Plaintiff's claims against Defendants Conklin, Quinn, and Camera fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against these Defendants.

### E.    Defendants Abbott,[1] Hunt, Ferguson, and Smalls

Plaintiff claims that, as Sheriff, Defendant Abbott failed to ensure the safety of inmates in his care. (ECF No. 1, PageID.3.) Plaintiff also alleges that, following Defendant Lane's comment and gesture, Plaintiff spoke with Defendants Hunt, Ferguson and Smalls. Plaintiff alleges that these Defendants did not properly investigate or address his complaint.

Government officials, such as Defendants Abbott, Hunt, Ferguson, and Smalls, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 691; *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act

---

[1] Plaintiff names Defendant Abbott in his official capacity only. However, out of an abundance of caution, the Court will address Plaintiff's claims against Defendant Abbott individually as well.

based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee,* 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff fails to allege any facts that would plausibly suggest that Defendants Abbott, Hunt, Ferguson, and Smalls authorized, approved, or knowingly acquiesced in the conduct of their subordinates. Therefore, Plaintiff fails to state a claim against Defendants Abbott, Hunt, Ferguson, and Smalls.

### F.    First Amendment Claims

Plaintiff vaguely states that Defendants' actions resulted in a First Amendment violation. (ECF No. 1, PageID.6.) The First Amendment provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. Const. amend. I. Plaintiff's complaint is devoid of any facts from which the Court could infer that Defendants violated Plaintiff's First Amendment rights in any way.

Plaintiff alleges that he submitted grievances concerning Defendants' actions. (ECF No. 1, PageID.6.) To the extent that Plaintiff seeks to bring a First Amendment claim regarding the handling of his grievances, he cannot. Plaintiff's First Amendment right to petition the government was not violated by the rejection of Plaintiff's grievances. The First Amendment "right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984) (holding the right to petition protects only the right to address government; the government may refuse to listen or respond).

Likewise, any denial of Plaintiff's grievances has not barred Plaintiff from seeking a remedy for his complaints. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). Indeed, Plaintiff's ability to seek redress is underscored by his *pro se* invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances, and, therefore, he cannot demonstrate the actual injury required for an access-to-the-courts claim. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821–24 (1977). The exhaustion requirement only mandates exhaustion of *available* administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See Ross v. Blake*, 578 U.S. 632, 640–44 (2016)

(reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required); *Kennedy v. Tallio,* 20 F. App'x 469, 470–71 (6th Cir. 2001).

Finally, Plaintiff's complaint does not suggest any cause of action for retaliation. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). To set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

With respect to the first element of a First Amendment retaliation claim, an inmate has a right to file "non-frivolous" grievances against prison officials on his own behalf, whether written or oral. *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018); *Mack v. Warden Loretto FCI*, 839 F.3d 286, 298–99 (3d Cir. 2016) ("[The prisoner's] oral grievance to [the prison officer] regarding the anti-Muslim harassment he endured at work constitutes protected activity under the First Amendment."). However, Plaintiff does not suggest that any adverse action was taken against him because of his grievances. Plaintiff's claim of a First Amendment violation is therefore nothing more than a conclusory allegation, insufficient to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555.

12

### G.    Fifth Amendment Claims

Plaintiff asserts that Defendants violated his rights under the Fifth Amendment. The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V. The Fifth Amendment, however, only applies to alleged deprivations by federal actors, not to private or state actors. *Scott v. Clay Cnty.*, 205 F.3d 867, 873 n. 8 (6th Cir. 2000).

The Fourteenth Amendment, rather than the Fifth Amendment, "restricts the activities of the states and their instrumentalities." *Id.* When a complaint cites both the Fifth Amendment and the Fourteenth Amendment to redress alleged due process violations by state actors, the invocation of the Fifth Amendment is a "nullity" and is "redundant" of the invocation of the Fourteenth Amendment. *Id.* Plaintiff's complaint does exactly that. Therefore, the Court will dismiss Plaintiff's Fifth Amendment claims.

### H.    Fourteenth Amendment Claims

#### 1.    Verbal Threat and Sexual Harassment

Plaintiff claims that Defendant Shanon verbally threatened Plaintiff saying that Plaintiff could do it "the hard way or the easy way" while being moved to the holding cells. (ECF No. 1, PageID.5.) Plaintiff also alleges that Defendant Lane harassed and "sexually degraded" Plaintiff while Defendant Johnson[2] stood by smiling or laughing. (ECF No. 1, PageID.5–6.)

At the conclusion of his complaint, Plaintiff claims that he suffered "cruel and unusual punishment" (*id.*), which is prohibited by the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.

---

[2] Plaintiff names Defendant Johnson in his official capacity only. However, out of an abundance of caution, the Court will address Plaintiff's claims as against Defendant Johnson individually as well.

For a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837.

But the Eighth Amendment limitation applies to "punishments" and a pretrial detainee "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (footnote and citations omitted). Put differently, the Eighth Amendment's limit on "punishment" does not apply to a pretrial detainee because a pretrial detainee may not be punished at all. *Id*. at 536–37 (explaining that "the Government concededly may detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment"). When a claim of deliberate indifference "is asserted on behalf of a pretrial detainee, the Due Process Clause of the Fourteenth Amendment is the proper starting point." *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566 (6th Cir. 2020) (internal quotation marks and citations omitted).

Until recently, whether the Court considered a deliberate indifference claim under the Eighth Amendment or the Fourteenth Amendment did not make a difference because the Sixth

Circuit "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021)). In *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), in the context of considering a pretrial detainee's claim for the use of excessive force, the Supreme Court concluded that application of the Eighth Amendment standard—requiring that the "detainee must show that the officers were *subjectively* aware that their use of force was unreasonable"—was not appropriate. 576 U.S. at 391–92. Instead, the Court held that a "detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id*. at 396–97.

In *Brawner*, the Sixth Circuit concluded that the modification of the subjective component that *Kingsley* applied in the excessive force context was appropriately applied to other deliberate-indifference claims. The *Brawner* court described the modification as a shift from the criminal recklessness standard adopted for the subjective element of an Eighth Amendment claim in *Farmer v. Brennan*, 522 U.S. 825 (1994), in favor of a "civil standard for recklessness," *Brawner*, 14 F.4th at 596. *Farmer* described that civil standard as follows: "[t]he civil law generally calls a person reckless who acts or (if the person has a duty to act) fails to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Farmer*, 522 U.S. at 836; *see also Howell v. NaphCare, Inc*., 67 F.4th 302, 311 (6th Cir. 2023) (explaining that "[a]pplying *Kingsley*'s reasoning, *Brawner* held that a pretrial detainee must make a showing . . . that each defendant acted deliberately [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known" (internal quotation marks, footnote, and citations omitted)). This is a "distinction with[] a difference." *Howell*, 67 F.4th at 311.

At the time of the events described in Plaintiff's complaint, Plaintiff was a pretrial detainee. *See* MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/OTIS2/ otis2profile.aspx?mdocNumber=321211 (last visited Feb. 20, 2025). The Court will, therefore, consider Plaintiff's claims only under the Fourteenth Amendment.

The Sixth Circuit has concluded that sexual assault/abuse claims involving physical contact are to be viewed as excessive force claims and evaluated under the *Kingsley* objective test. *Hale v. Boyle Cnty.*, 18 F.4th 845, 852–53 (6th Cir. 2021). The *Kingsley* objective test, however, is premised on physical contact. *Id*. at 852 ("*Kingsley* set forth a two-prong inquiry for Fourteenth Amendment excessive-force claims. First, an official must purposefully, knowingly, or ("possibly") recklessly engage in the alleged physical contact with the detained person . . . . Second, the official's use of force must be objectively unreasonable."). In Plaintiff's case there was no physical contact. Instead, Plaintiff's claim is still properly evaluated under the "Eighth Amendment framework[]" that the courts historically applied "to detained persons' Fourteenth Amendment claims of every variety," *id*., with the modification stated in *Brawner*: "to establish deliberate indifference in this context . . . [m]ere negligence is insufficient[; a] defendant must have not only acted deliberately (not accidentally), but also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner*, 14 F.4th at 596.

Sorting out precisely how the second prong of the analysis should be applied has not been a simple matter. *See, e.g.*, *Trozzi v. Lake Cnty*., 29 F.4th 745, 753–58 (6th Cir. 2022) (concluding that the two-element *Farmer* analysis, after *Kingsley* and *Brawner*, becomes a three-element analysis when the plaintiff is a pretrial detainee, one element regarding the seriousness of the risk and two elements capturing the new subjective requirements); *Westmoreland v. Butler Cnty.*, 29

F.4th 721, 729 (6th Cir. 2022) (adopting a four-element test for a failure to protect claim); *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 315–17 (6th Cir. 2023) (rejecting the *Trozzi* analysis in favor of the modified two-element analysis set forth above); *see also Helphenstine v. Lewis Cnty.*, 65 F.4th 794, 802 (6th Cir. 2023) (Statement of J. Readler regarding denial of rehearing en banc) (decrying the confusion that has followed *Brawner* and noting that "we are left to muddle on, following paths leading in any and all directions"). Based on Plaintiff's allegations, it is not necessary to pick a path that leads to a "sufficiently culpable state of mind," *Gomez v. City of Memphis*, No. 21-5473/5644, 2023 WL 7287100, at *4 (6th Cir. Aug. 4, 2023), because Plaintiff has failed to identify a sufficiently serious harm. His claim fails on the first element of the analysis.

*Farmer*'s first element of the Eighth Amendment analysis continues to be applicable to claims of pretrial detainees. *See, e.g.*, *Batton v. Sandusky Cnty.*, No. 23-3168, 2024 WL 1480522, at *3 (6th Cir. Apr. 5, 2024) (noting that the elements of a deliberate indifference claim for a pretrial detainee mirror the elements for a convicted prisoner with an objective and subjective component, but the subjective component is modified). "Federal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment. . . . This is true whether the sexual abuse is perpetrated by other inmates or by guards." *Rafferty* 915 F.3d at 1095 (citing *Farmer v. Brennan*, 511 U.S. 825, 848–49 (1994) (discussing inmate abuse); *Bishop v. Hackel*, 636 F.3d 757, 761 (6th Cir. 2011) (same); *Washington v. Hively*, 695 F.3d 641, 642 (7th Cir. 2012) (abuse by guards)). However, in the context of claims against prison officials, the Sixth Circuit has repeatedly held that the use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See, e.g.*, *Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth

Amendment prohibits); *Violett v. Reynolds,* 76 F. App'x 24, 27 (6th Cir. 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim).

Moreover, the Sixth Circuit has held that "isolated, brief, and not severe" instances of sexual harassment, without more, do not give rise to Eighth Amendment violations. *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (finding that harassing comments, even coupled with one minor instance of sexualized touching during a search, fall short of an Eighth Amendment violation), *abrogated in other part by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018); *Violett*, 76 F. App'x at 27 (an offer of sexual favors is not sufficient to state Eighth Amendment claim); *Johnson v. Ward,* No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) ("Johnson's allegation that Ward made an offensive sexual remark to him does not rise to the level of a constitutional violation [as such is merely verbal abuse]."). Other courts have agreed. *See, e.g.*, *Davis v. Goord,* 320 F.3d 346, 353 (2d Cir. 2003); *Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir. 1996); *Purcell v. Coughlin,* 790 F.2d 263, 265 (2d Cir. 1986).

In contrast, the Sixth Circuit has held that ongoing, coercive verbal harassment may rise to sexual abuse that violates the Eighth Amendment. *Rafferty*, 915 F.3d at 1095. The *Rafferty* court found an Eighth Amendment violation when a prison official sexually harassed a prisoner by repeatedly demanding that the prisoner expose herself and masturbate while the official watched. The court noted that, considering the coercive dynamic of the relationship between prison staff and prisoners, such demands amount to sexual abuse. *Id.* at 1096.

*Rafferty*, however, is wholly distinguishable from Plaintiff's claim. Plaintiff does not allege that Defendant Lane ever coerced Plaintiff into engaging in sexual conduct. Instead, Plaintiff claims only that Defendant Lane made an inappropriate gesture and rude comment while

Defendant Johnson stood by. This single incident of inappropriate communication, while unprofessional, falls short of objectively serious behavior barred by the Fourteenth Amendment.

Because Plaintiff fails to allege facts supporting the objective prong of the deliberate-indifference test, his Fourteenth Amendment claim against Defendants Lane and Johnson premised upon alleged sexual harassment will be dismissed.

### 2.    Claims Related to Grievances

Plaintiff mentions that Defendants Hunt, Ferguson and Smalls failed to address Plaintiff's grievances. As discussed above, § 1983 liability may not be imposed simply because a Defendant denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee*, 199 F.3d at 300.

Moreover, Plaintiff has no due process right to file a grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569–70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the administrative grievance process, Defendants' conduct did not deprive Plaintiff of due process.

I.     **Sixteenth and Eighteenth Amendment Claims**

Plaintiff alleges that Defendants violated his Sixteenth and Eighteenth Amendment rights. The Sixteenth Amendment authorizes Congress to collect income taxes. U.S. Const. amend. XVI. The Court cannot discern how the Sixteenth Amendment applies to Plaintiff's claims.

Plaintiff's citation to the Eighteenth Amendment is equally confusing. The Eighteenth Amendment, now inoperative, previously prohibited the possession of alcohol in violation of state law. It was repealed by the Twenty-First Amendment. U.S. Const. amend. XXI. Neither have any bearing on the facts described within Plaintiff's complaint.

For the foregoing reasons, the Court will dismiss Plaintiff's Sixteenth and Eighteenth Amendment claims.

J.     **PREA Claims Regarding the Handling of Plaintiff's PREA Complaint**

Plaintiff brings claims under the PREA, alleging that Defendants failed to adequately investigate and handle his PREA complaints.[3] Plaintiff, however, "has no independent cause of action for any [individual's] failure to comply with the [PREA]." *Beeman v. Heyns*, No. 1:16-cv-27, 2016 WL 1316771, at *12 n.4 (W.D. Mich. Apr. 5, 2016) ("Although not addressed in the Sixth Circuit, district courts have found that the PREA does not create a private cause of action which can be brought by an individual plaintiff." (quoting *Montgomery v. Harper*, No. 5:14-cv-P38R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014))); *see also McCloud v. Prack*, 55 F.

---

[3] Additionally, if Plaintiff had brought a constitutional claim regarding the handling of his PREA complaint, such "a claim based on an inadequate investigation" would "fail[] to state a constitutional violation because private citizens have no constitutional or federal statutory right to compel the investigation of another person." *Miles v. Mitchell*, No. 3:18-CV-P116-CRS, 2018 WL 5929643, at *5 (W.D. Ky. Nov. 13, 2018) (citing, *inter alia*, *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986)); *see also Browder v. Parker*, No. 5:11CV-P29-R, 2011 WL 2379406, at *7 (W.D. Ky. Jun. 15, 2011) ("Private citizens, whether or not they are incarcerated, have no constitutional or federal statutory right to compel the investigation of another person." (citing *Diamond*, 476 U.S. at 64–65; *White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002))).

Supp. 3d 478, 482 n.2 (W.D.N.Y. 2014) ("[N]othing in the statute suggests that PREA intended to establish a private cause of action for allegations of prison rape, and every court to address the issue has determined that PREA cannot support such a cause of action by an inmate." (quoting *Amaker v. Fischer*, No. 10-cv-977, 2014 WL 4772202, at *14 (W.D.N.Y. Sept. 24, 2014))); *Barhite v. Berghuis*, No. 1:14-cv-670, 2014 WL 4627166, at *5 (W.D. Mich. Sept. 15, 2014) ("Plaintiff's request is predicated on the assumption that the PREA provides him a cause of action for Defendants' alleged sexual assaults. It does not."). Plaintiff's claims pursuant to the PREA will, therefore, be dismissed.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the full appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the

"three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the full appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: <u>March 14, 2025</u>                    <u>/s/ Hala Y. Jarbou</u>
                                                HALA Y. JARBOU
                                                CHIEF UNITED STATES DISTRICT JUDGE